Lawrence A. Hobel (Bar No. 73364)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone:  + 1 (415) 591-6000
Facsimile:   + 1 (415) 591-6091
Email: lhobel@cov.com

Attorneys for Defendants
AEROJET ROCKETDYNE, INC. and
CORDOVA CHEMICAL COMPANY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AEROJET-GENERAL CORPORATION and CORDOVA CHEMICAL COMPANY,<br><br>    Defendants.<br><br>AND RELATED ACTION. | Civil Case No.:  CIVS-86-0063-GEB<br><br>**STIPULATION AND ORDER RE: PARTIAL CONSENT DECREE PROVISION RELATING TO EXHIBIT I-4 LAND** |

   WHEREAS, this Court entered a Partial Consent Decree ("PCD") on June 23, 1989, by and among Plaintiffs, the United States of America and the State of California, on the one hand, and Defendants, Aerojet Rocketdyne, Inc. (formerly named Aerojet-General Corporation) and Cordova Chemical Company (collectively, "Aerojet"), on the other hand, which has been modified from time to time;

   WHEREAS, Paragraph 5(A)(1)(c) of the Partial Consent Decree establishes the basis for when a location of Exhibit I-4 Land is to be included in an obligation to complete a Remedial Investigation/Feasibility Study ("RI/FS"):

*(c) Any location on Exhibit I-4 land to the extent that Aerojet contributed hazardous substances at the location and*

*(i) the total amount of hazardous substances contributed by potentially responsible parties, including Aerojet, is de minimis as provided in Section 122(q)(1)(A) of CERCLA; and*

*(ii) Aerojet or Plaintiffs discover such release or threat of release of hazardous substances while taking action pursuant to this Decree.*

WHEREAS, the RI/FS process under the Partial Consent Decree has been ongoing since 1989 and subparagraph (c) of Paragraph 5(A)(1) has never been invoked, and no source has been so identified under Paragraph 5(A)(1)(c);

WHEREAS, the PCD only pertains to the RI/FS process, and any subsequent remedial action would have to be conducted under an additional enforcement mechanism;

WHEREAS, the inclusion of the I-4 land in the PCD at Paragraph 5(A)(1)(c) creates a cloud on the title of this land, and if a source area were ever to be discovered on Exhibit I-4 land for which Aerojet is responsible, there are other enforcement authorities that the Agencies may invoke that are not impaired by this Stipulation and Order;

WHEREAS, the Parties agree that the PCD shall be modified to delete subparagraph (c) of Paragraph 5(A)(1) and Exhibit I-4, as well as the reference to Exhibit I-4 in the Table of Contents. A copy of the current PCD pages containing Paragraph 5(A)(1)(c), Exhibit I-4 and the Table of Contents are attached herein as Attachment 1 for reference; and

WHEREAS, the Parties agree that the deletion proposed herein does not eliminate or impair any enforcement authority of the United States or the State of California under applicable law as to any release or threat of release of hazardous substances except to the extent that the United States and the State of California are agreeing to release Aerojet from its obligations as to Exhibit I-4 Land under the PCD.

///

///

///

NOW, THEREFORE, in light of the foregoing recitals:

IT IS HEREBY STIPULATED by the Parties through their respective attorneys of record that:

1. Subparagraph (c) of Paragraph 5(A)(1) of the PCD be deleted such that the following language no longer be included in the PCD:

> c) any location on Exhibit I-4 land to the extent that Aerojet contributed hazardous substances at the location and
>
> (i) the total amount of hazardous substances contributed by potentially responsible parties, excluding Aerojet, is de minimis as provided in Section 122(q)(1)(A) of CERCLA; and
>
> (ii) Aerojet or Plaintiffs discovers such release or threat of release of hazardous substances while taking action pursuant to this Decree.

2. Exhibit I-4 be deleted from the PCD and the reference to Exhibit I-4 in the Table of Contents to the PCD be deleted; and

3. This Stipulation does not eliminate or impair any enforcement authority of the United States or the State of California under applicable law as to any release or threat of release of hazardous substances.

**IT IS SO STIPULATED.**

DATED:   May 22, 2015                           COVINGTON & BURLING LLP

                                                By /s/ Lawrence A. Hobel
                                                     Lawrence A. Hobel
                                                Attorneys for Defendants
                                                AEROJET ROCKETDYNE, INC. and
                                                CORDOVA CHEMICAL COMPANY

///

///

///

| | | |
|---|---|---|
| 1 | DATED: May 22, 2015 | UNITED STATES DEPARTMENT OF JUSTICE |

By  /s/ Cheryl A. Luke
       Cheryl A. Luke  VA Bar No.: 26331
Attorneys for Plaintiff
Environmental Enforcement Section
Environmental & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Phone:  (202) 514-5466
Fax:     (202) 616-2467
email:  cheryl.luke@usdoj.gov

DATED: May 22, 2015

KAMALA D. HARRIS
Attorney General of California
ROBERT W. BYRNE
Senior Assistant Attorney General

By  /s/ Tracy L. Winsor
       Tracy L. Winsor
       Supervising Deputy Attorney General
Attorneys for CALIFORNIA CENTRAL VALLEY REGIONAL WATER QUALITY CONTROL BOARD and DEPARTMENT OF TOXIC SUBSTANCES CONTROL (as successor-in-interest to State Department of Health Services)

**IT IS SO ORDERED.**

**Dated: May 22, 2015**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge