Lawrence A. Hobel (Bar No. 73364)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone:  + 1 (415) 591-6000
Facsimile:  + 1 (415) 591-6091
Email:  lhobel@cov.com

Attorneys for Defendants
AEROJET ROCKETDYNE, INC. and
CORDOVA CHEMICAL COMPANY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AEROJET-GENERAL CORPORATION and CORDOVA CHEMICAL COMPANY,<br><br>    Defendants.<br><br>AND RELATED ACTION. | Civil Case No.:  CIVS-86-0063-GEB<br><br>**AMENDED**<br><br>**STIPULATION AND ORDER RE: PARTIAL CONSENT DECREE PROVISION RELATING TO EXHIBIT I-4 LAND** |

WHEREAS, this Court entered a Partial Consent Decree ("PCD") on June 23, 1989, by and among Plaintiffs, the United States of America and the State of California, on the one hand, and Defendants, Aerojet Rocketdyne, Inc. (formerly named Aerojet-General Corporation) and Cordova Chemical Company (collectively, "Aerojet"), on the other hand, which has been modified from time to time;

WHEREAS, Paragraph 5(A)(1)(c) of the Partial Consent Decree establishes the basis for when a location of Exhibit I-4 Land is to be included in an obligation to complete a Remedial Investigation/Feasibility Study ("RI/FS"):

        *(c) Any location on Exhibit I-4 land to the extent that Aerojet contributed hazardous substances at the location and*

            *(i) the total amount of hazardous substances contributed by potentially responsible parties, including Aerojet, is de minimis as provided in Section 122(q)(1)(A) of CERCLA; and*

            *(ii) Aerojet or Plaintiffs discover such release or threat of release of hazardous substances while taking action pursuant to this Decree.*

WHEREAS, the RI/FS process under the Partial Consent Decree has been ongoing since 1989 and subparagraph (c) of Paragraph 5(A)(1) has never been invoked, and no source has been so identified under Paragraph 5(A)(1)(c);

WHEREAS, the PCD only pertains to the RI/FS process, and any subsequent remedial action would have to be conducted under an additional enforcement mechanism;

WHEREAS, the inclusion of the I-4 land in the PCD at Paragraph 5(A)(1)(c) creates a cloud on the title of this land, and if a source area were ever to be discovered on Exhibit I-4 land for which Aerojet is responsible, there are other enforcement authorities that the Agencies may invoke that are not impaired by this Stipulation and Order;

WHEREAS, the Parties agree that the PCD shall be modified to delete subparagraph (c) of Paragraph 5(A)(1) and Exhibit I-4, as well as the reference to Exhibit I-4 in the Table of Contents. A copy of the current PCD pages containing Paragraph 5(A)(1)(c), Exhibit I-4 and the Table of Contents are attached herein as Attachment 1 for reference; and

WHEREAS, the Parties agree that the deletion proposed herein does not eliminate or impair any enforcement authority of the United States or the State of California under applicable law as to any release or threat of release of hazardous substances except to the extent that the United States and the State of California are agreeing to release Aerojet from its obligations as to Exhibit I-4 Land under the PCD.

///

///

///

NOW, THEREFORE, in light of the foregoing recitals:

IT IS HEREBY STIPULATED by the Parties through their respective attorneys of record that:

1. Subparagraph (c) of Paragraph 5(A)(1) of the PCD be deleted such that the following language no longer be included in the PCD:

> c) any location on Exhibit I-4 land to the extent that Aerojet contributed hazardous substances at the location and
>
> (i) the total amount of hazardous substances contributed by potentially responsible parties, excluding Aerojet, is de minimis as provided in Section 122(q)(1)(A) of CERCLA; and
>
> (ii) Aerojet or Plaintiffs discovers such release or threat of release of hazardous substances while taking action pursuant to this Decree.

2. Exhibit I-4 be deleted from the PCD and the reference to Exhibit I-4 in the Table of Contents to the PCD be deleted; and

3. This Stipulation does not eliminate or impair any enforcement authority of the United States or the State of California under applicable law as to any release or threat of release of hazardous substances.

**IT IS SO STIPULATED.**

DATED:   May 22, 2015              COVINGTON & BURLING LLP

                                   By /s/ Lawrence A. Hobel
                                      Lawrence A. Hobel
                                   Attorneys for Defendants
                                   AEROJET ROCKETDYNE, INC. and
                                   CORDOVA CHEMICAL COMPANY

///

///

///

| | | |
|---|---|---|
| DATED: | May 22, 2015 | UNITED STATES DEPARTMENT OF JUSTICE |

By  /s/ Cheryl A. Luke
    Cheryl A. Luke  VA Bar No.:  26331
Attorneys for Plaintiff
Environmental Enforcement Section
Environmental & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Phone:  (202) 514-5466
Fax:     (202) 616-2467
email:  cheryl.luke@usdoj.gov

DATED:     May 22, 2015

KAMALA D. HARRIS
Attorney General of California
ROBERT W. BYRNE
Senior Assistant Attorney General

By  /s/ Tracy L. Winsor
    Tracy L. Winsor
    Supervising Deputy Attorney General
Attorneys for CALIFORNIA CENTRAL VALLEY REGIONAL WATER QUALITY CONTROL BOARD and DEPARTMENT OF TOXIC SUBSTANCES CONTROL (as successor-in-interest to State Department of Health Services)

**IT IS SO ORDERED.**

DATED:     May 28, 2015

_____
Honorable Garland E. Burrell, Jr.
United States District Court Judge

**ATTACHMENT 1**

(ii) the release or threat of release is from a discharge from Aerojet Deep Injection Well No. 1 or No. 2 and was not into the Mehrten formation or any formation above the Mehrten formation.

(b) any location on the land described in Exhibit I-3 (McDonnell-Douglas Property) to the extent that

(i) Aerojet generated, transported, disposed of, treated, or arranged for treatment or disposal of hazardous substances at the location; or

(ii) Aerojet owned, operated or leased the area at the time of disposal of hazardous substances at the location; except to the extent that the release or threat of release results from activities of third parties (not acting as agents of or in concert with Aerojet while undertaking such activities) at the location and the harm to public health or the environment resulting from the release or threat of release is divisible from the harm, if any, resulting from Aerojet's activities at such location.

(c) any location on Exhibit I-4 land to the extent that Aerojet contributed hazardous substances at the location and

(i) the total number of hazardous substances contributed by potentially responsible parties, excluding Aerojet, is de minimus as provided in Section 122(g)(1)(A) of CERCLA; and

STIPULATION AND ORDER MODIFYING PARTIAL CONSENT DECREE 10

      (ii) Aerojet or Plaintiffs discovers such release or threat of release of hazardous substances while taking action pursuant to this Decree.

  (2) The Aerojet Site is defined as that land for which Aerojet is responsible pursuant to Subparagraph 5(A)(1).

 (B)(1) Where other hazardous substances are within an Aerojet plume, Aerojet's responsibility for an action under this Paragraph shall extend to such other hazardous substances within the Aerojet plume to the extent the presence of such substances in the Aerojet plume results in harm to public health or the environment not divisible from the harm, if any, resulting from the Aerojet plume.

  (2) For purposes of this Subparagraph, "Aerojet plume" means hazardous substances migrating in ground water from a source for which Aerojet is responsible pursuant to Subparagraph 5(A)(1) and "other hazardous substances" means hazardous substances migrating in ground water from a source for which Aerojet is not responsible pursuant to Subparagraph 5(A)(1).

 (C) Aerojet has conducted a Stage 1 Remedial Investigation (RI) to determine the nature and extent of public health or environmental problems, if any, presented by the release or threat of release of hazardous substances into soils, surface waters, sediments, ground water and air, addressing migration of hazardous substances therefrom, if any, including migration into the American River. With respect to source areas, the Stage 1 RI addressed those areas

LEGEND
I-4 LANDS

EXHIBIT I-4

ORIGINAL ON FILE WITH THE COURT
REDUCED FROM ORIGINAL–DO NOT SCALE

TABLE OF CONTENTS

| | | Page |
|---|---|---|
| Exhibit I-1 | Map | 63 |
| Exhibit I-1A | Map | 64 |
| Exhibit I-2 | Map | 65 |
| Exhibit I-3 | Map | 66 |
| Exhibit I-4 | Map | 67 |
| Exhibit I-5 | Map | 68 |
| Exhibit I-6 | Map | 69 |
| Exhibit I-7 | Map | 70 |
| Exhibit II | RI/FS Program Plan | 71 |
| Exhibit II-1 | Validation Plan for Historical Data | 104 |
| Exhibit III-1 | Source Areas | 111 |
| Exhibit III-2 | Potential Source Areas | 123 |
| Exhibit IV | Interim Protection of Drinking Water Supply Wells | 126 |
| Exhibit IV-1 | Water Supply Wells | 137 |
| Exhibit IV-2 | Protocol for Exhibit IV | 138 |
| Exhibit IV-3 | | 141 |
| Exhibit V | American River | 142 |
| Exhibit VI | GET Facilities | 149 |
| Exhibit VI-1 | Map | 161 |
| Exhibit VI-2 | Map | 162 |
| Exhibit VI-3 | Map | 163 |
| Exhibit VI-4 | Map | 164 |
| Exhibit VI-5 | Map | 165 |
| Exhibit VI-6 | Map | 166 |
| Exhibit VI-7 | Map | 167 |

PARTIAL CONSENT DECREE